USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/12/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
DRAGON YU BAG MFG. CO. LTD,          :

                                     :
                    Plaintiff,       :     **DECISION AND ORDER**
     - against -                     :
                                     :
BRAND SCIENCE, LLC,                  :
                                     :
                    Defendant.       :
------------------------------------X

10 Civ. 7895 (VM)

**VICTOR MARRERO, United States District Judge.**

By letter brief dated March 26, 2012 (Docket No. 47) ("the March 26 Letter"), plaintiff/counterclaim-defendant Dragon Yu Bag Manufacturing Co. Ltd. ("Dragon") moves to impose sanctions on defendant/counterclaim-plaintiff Brand Science, LLC ("BSL") for failing to produce its CEO, Abe Chehebar, and former president, Morris Chehebar (together, the "Chehebars") at noticed depositions, and for failing to make available for noticed deposition a witness pursuant to Federal Rule of Civil Procedure 30(b)(6) ("Rule 30(b)(6)"). Specifically, Dragon requests that the Court preclude BSL from introducing at the upcoming May 3, 2012 hearing (1) the testimony of either of the Chehebars, (2) the testimony of any Rule 30(b)(6) witness,[1] and (3) any documents not

---

[1] In a March 28, 2012 letter (Docket No. 51), BSL informed the Court that it "could only be represented by the Chehebars." It therefore appears that the Chehebars would be designated as BSL's Rule 30(b)(6) witnesses.

produced    before    the    January    6,    2012    fact    discovery
deadline.[2]

### I.   **BACKGROUND**[3]

In  early  October  2011,  Dragon  noticed  the  Chehebars'
and  BSL's  depositions  for  November 1 and November 30, 2011,
respectively.     Seeking   to   fix   a   date-certain   for   the
depositions,  Dragon  contacted  counsel  for  BSL  on  five
separate  occasions,  receiving  no  response  until  December
21,  2011,  when  counsel  for  BSL  agreed  that  the  Chehebars
would  sit  for  depositions  during  the  first  week  of  January
2012.    On  January 5,  2012,  Dragon  again  contacted  counsel
for  BSL  requesting  dates  for  the  depositions  and,  in  light
of    the    impending    January    6,    2012    deadline    for    the
conclusion  of  fact  discovery,  confirmation  that  BSL  had  no
further  documents  to  produce.    The  following  day,  counsel
for   BSL   informed   Dragon   that   he   had   not   received
confirmation  of  attendance  from  either  of  the  Chehebars,
nor  further  information  from  BSL  regarding  the  production
of  documents.    Dragon  contacted  BSL  twice  more  after  the

---

[2] In a conference on March 23, 2012, the Court directed BSL to produce
documentation of its alleged damages to Dragon by April 6, 2012. By
letter dated April 9, 2012 (Docket No. 48), BSL informed the Court that
it has complied with that directive.    Therefore, the Court considers
Dragon's request to exclude documents produced after January 6, 2012
inapplicable as to those documents.

[3] In a conference on March 23, 2012 and in the March 26 Letter and
attached  documents,  Dragon  detailed  its  attempts  to  depose  the
Chehebars and, pursuant to Rule 30(b)(6), BSL.   In its response dated
March 28, 2012, BSL does not dispute Dragon's narrative of events.

close of fact discovery, on January 23 and February 1, 2012, requesting deposition dates, to no avail.

In a letter-brief dated March 28, 2012 (Docket No. 51), BSL opposes preclusion of the Chehebars' testimony, arguing that the Chehebars' conduct was not willful. According to counsel for BSL, the Chehebars were prevented from complying because of "severe personal financial hardship" and because "their attention was required for matters that threatened their livelihood." Apparently, BSL had ceased operations at the time in question and sold its assets to pay its creditors.  BSL submitted affidavits of the Chehebars attesting to that assertion, to their knowledge of the noticed depositions, and to their belief, at the time, that the depositions would be rescheduled. The Chehebars have indicated their willingness and intention to appear for a deposition prior to the May 3, 2012 hearing.

## II.  DISCUSSION

Federal Rule of Civil Procedure 37(d) ("Rule 37(d)") provides that a court may, on motion, impose sanctions if "a party or a party's officer, director, or managing agent — or a person designated under Rule 30(b)(6) or 31(a)(4) — fails, after being served with proper notice, to appear for that person's deposition . . . ."  Fed. R. Civ. P.

37(d)(1)(A)(i).   Rule  37(d)  lists  a  range  of  possible

sanctions  short  of  contempt,  but  including  dismissal  or

default judgment.  See Fed. R. Civ. P. 37(d)(3) ("Sanctions

may    include    any    of    the    orders    listed    in    Rule

38(b)(2)(A)(i)-(vi).").  Moreover,

> [i]nstead of or in addition to these sanctions, the
> court  must  require  the  party  failing  to  act,  the
> attorney  advising  that  party,  or  both  to  pay  the
> reasonable  expenses,  including  attorney's  fees,  caused
> by  the  failure,  unless  the  failure  was  substantially
> justified  or  other  circumstances  make  an  award  of
> expenses unjust.

Id.

BSL  does  not  dispute  that  the  Chehebars  knowingly

failed  to  appear  for  noticed  depositions,  and  documents

submitted  by  Dragon  show  that  BSL  was  mostly  unresponsive

to  Dragon's  multiple  attempts  to  schedule  the  depositions.

It  is  thus  clear  that  sanctions  are  warranted  under  Rule

37(d).    Therefore,  the  question  before  Court  is  what

sanctions  are  appropriate  in  these  circumstances.

Dragon    requests    preclusion    of    the    Chehebars'

testimony.    However,  "[b]efore  the  extreme  sanction  of

preclusion  may  be  used  by  the  district  court,  a  judge

should  inquire  more  fully  into  the  actual  difficulties

which  the  violation  causes,  and  must  consider  less  drastic

responses."   Outley v. City of New York, 837 F.2d 587, 591

(2d Cir. 1988).

-4-

> Numerous factors are relevant to a district court's exercise of its broad discretion to order sanctions under Rule 37, including (1) the willfulness of the non-compliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of non-compliance; and (4) whether the non-compliant party had been warned of the consequences of his non-compliance.

Nieves v. City of New York, 208 F.R.D. 531, 535 (S.D.N.Y. 2002); see Martinez v. E&C Painting, Inc., No. 06 Civ. 05321, 2008 WL 482869, at *4 (S.D.N.Y. Feb. 21, 2008) (citing Nieves, 208 F.R.D. at 535). When determining whether preclusion of witness testimony is a just sanction, courts also consider the importance of the testimony of the witness and "the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony." Reilly v. Natwest Markets Grp., Inc., 181 F.3d 253, 269 (2d Cir. 1999) (affirming district court's preclusion of Rule 30(b)(6) witnesses pursuant to Rule 37).

Several of these considerations weigh against precluding the Chehebars' testimony and in favor of less drastic sanctions. Foremost among those considerations is the centrality of the Chehebars' testimony to BSL's defenses and counterclaims, such that preclusion of their testimony would effectively amount to default judgment against BSL and a disposition without an adjudication of the merits of the parties' arguments. BSL argued as much during the Court's March 23, 2012 conference and in BSL's March 28, 2012

letter.   Moreover, BSL's April 6, 2012 letter to Dragon indicates that, although BSL has now produced documentation of its alleged damages, its case remains heavily reliant on the testimony of its CEO and former president.  (See Docket No. 48, at 2 ("[M]uch of BSL's evidence regarding this claim will take the form of witness testimony.").)   The Second Circuit Court of Appeals' "strong preference for resolving disputes on the merits" supports the conclusion that preclusion of the Chehebars' testimony would create an unjust result here.  New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005).

The Court also recognizes that it has not previously warned BSL or the Chehebars of the possibility of preclusion or other sanctions in the event of non-compliance, nor did Dragon seek the Court's intervention until several months after the fact.   Although this omission does not excuse BSL's failure to voluntarily comply or its dilatory behavior — indeed, a party having properly given notice of a deposition should not have to seek Court intervention — it nevertheless does weigh against the most severe of sanctions.  See Nieves, 208 F.R.D. at 535; New Pac. Overseas Grp. (USA) Inc. v. Excal Int'l Dev. Corp., No. 99 Civ. 2436, 2000 WL 97358, at *5 (S.D.N.Y. Jan. 27, 2000) ("New Pacific") (declining to order dismissal or default for

failure to comply with discovery where non-compliant plaintiff had not been explicitly warned by Court of possible sanctions).

Finally, there is no indication that "lesser sanctions will not be effective in ensuring [BSL's] compliance with further orders of this Court." New Pacific, 2000 WL 97358, at *5. The Chehebars have offered to make themselves immediately available for depositions, and BSL has complied with the Court's directive to produce documentation of its alleged damages. The monetary sanctions required by Rule 37(d), coupled with an order requiring the Chehebars to sit for depositions prior to the hearing, at this stage fulfil the purpose of sanctions under Rule 37, namely, to "ensure that a party will not benefit from its own failure to comply," as well as specific and general deterrence. Update Art, Inc. v. Modiin Publ'g, Ltd., 843 F.2d 67, 70 (2d Cir. 1988). Requiring the deposition of the Chehebars prior to the hearing avoids the drastic measure of preclusion without prejudicing Dragon's ability to prepare for the hearing. Should the Chehebars fail to appear for their depositions on a mutually agreed upon date prior to the hearing, BSL will then face more serious sanctions, up to and including preclusion of testimony or default judgment.

### III. <u>ORDER</u>

For the reasons discussed above, it is hereby

    **ORDERED** that defendant Brand Science, LLC ("BSL") shall produce Abe and Morris Chehebar (together, the Chehebars), and any other witness it intends to call at the May 3, 2012 hearing, for depositions on dates mutually agreed upon by the parties, but in any event no later than ten (10) days prior to the hearing currently scheduled for May 3, 2012; and it is further

    **ORDERED** that, pursuant to Federal Rule of Civil Procedure 37(d), BSL shall pay reasonable expenses, including attorney's fees, incurred by plaintiff Dragon Yu Bag Manufacturing Co. Ltd. ("Dragon") as a result of BSL's failure to comply with Dragon's notice seeking the depositions of BSL and of the Chehebars; and it is further

    **ORDERED** that, at the May 3, 2012 hearing, BSL may not present documentary evidence which was not previously produced in response to a legitimate discovery request; and it is further

**ORDERED** that on May 1, 2012, each party shall submit a list of witnesses it intends to call and two copies of a binder containing exhibits it intends to submit into evidence at the May 3, 2012 hearing.

**SO ORDERED.**

Dated:     New York, New York
           12 April 2012

                                              VICTOR MARRERO
                                                U.S.D.J.